UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELLIOT STEARNS, | ) |
|     Petitioner, | ) |
| v. | )    No. 4:16 CV 1584 JMB |
| DAVE SCHMIDTT, | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of petitioner Elliot Stearns for leave to commence this action without payment of the filing fee. (Docket No. 2). Having reviewed petitioner's financial affidavit, the Court concludes that petitioner lacks sufficient funds to pay the filing fee, and will grant the motion. Petitioner will also be given leave to file an amended petition.

In the instant petition, petitioner avers that he is presently confined in the Southeast Missouri Mental Health Center after pleading not guilty by reason of insanity in state court in Phelps County, Missouri. Petitioner raises the following four grounds for relief:

1. Counsel was ineffective for causing petitioner to be declared mentally unfit to stand trial;

2. "Entrapment," in that defense counsel coerced petitioner to plead not guilty by reason of insanity;

3. "Illegal confinement on the grounds of enticement and solicitation," in that the sole plea offered was not guilty by reason of insanity; and

4. "Soled into Mondo Bondage" in that "I'm not progressing I'm digressing I'm going back to the ape stage."

(Docket No. 1 at 5-10).

**Discussion**

The Court has been unable to locate any information about petitioner on Missouri Case.Net, the state of Missouri's online docketing system. However, based upon the averments in the instant petition, petitioner was not "convicted" of a crime; he was found not guilty by reason of insanity and committed to the custody of the state of Missouri.[1] He therefore lacks a basis to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a state conviction, because there is no "conviction" to attack.

Under section 552.040 of the Revised Statutes of Missouri, a committed person may file a petition pursuant to under 28 U.S.C. § 2254 for either conditional or unconditional release, but the instant petition does not clearly indicate an attempt to seek either form of release, or set forth any information concerning whether petitioner has properly sought such release in state court. Even so, in an abundance of caution, the Court will address the avenues for such relief below.

Conditional release is for a limited duration and is qualified by reasonable conditions. *See* Mo. Rev. Stat. § 552.040. To obtain conditional release a petitioner must prove, by clear and convincing evidence, that he "is not likely to be dangerous to others while on conditional release." Mo. Rev. Stat. § 552.040.12(6). A conditional release implies that despite a mental disease or disorder, the committed person is eligible for limited freedom from a mental health facility, subject to certain conditions. *Greeno v. State*, 59 S.W.3d 500, 504 (Mo. banc 2001).

---

[1] In Missouri, when the circuit court accepts the defendant's plea of not guilty by reason of mental disease or defect, the defendant is deemed acquitted of the charges on the ground of mental disease or defect excluding responsibility. *Taylor v. State*, 262 S.W.3d 231, 238 (Mo. banc 2008) ("If defendant succeeds on his affirmative defense, he is absolved of criminal responsibility."). Thus, a defendant's success in arguing that he or she is not guilty by reason of mental disease or defect effectively acquits the defendant of the charged crime. Those individuals are commonly referred to as "insanity acquittees." *See Grass*, 643 F.3d at 581; *State v. Revels*, 13 S.W.3d 293, 294 (Mo. banc 2000).

Unconditional release, by contrast, can be granted only if the petitioner shows "by clear and convincing evidence that he does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others." Mo. Rev. Stat. § 552.040.7(6). Thus, Missouri places the burden on the insanity acquittee to prove that he qualifies for conditional or unconditional release by clear and convincing evidence. *Grass*, 643 F.3d 579; Mo. Rev. Stat. 552.040.7(6) & 552.040.12(6); *State v. Rottinghaus*, 310 S.W.3d 319, 324 (Mo. Ct. App. 2010).

Clear and convincing evidence is "evidence that instantly tilts the scales in the affirmative when weighed against the evidence in opposition so that the court is left with the abiding conviction that the evidence is true." *Greeno,* 59 S.W.3d at 505 (internal citations omitted). When an individual is acquitted by reason of mental disease or defect for a dangerous felony, in order to grant conditional or unconditional release, the court also must find that the individual "is not now and is not likely in the reasonable future to commit another violent crime" and "is aware of the nature of the violent crime committed ... and presently possesses the capacity to appreciate the criminality of the violent crime ... and ... to conform [his or her] conduct to the requirements of law in the future." Mo. Rev. Stat. § 552.040.20. The denial of a petition for either conditional or unconditional release is "without prejudice to the filing of another application after the expiration of one year from the denial of the last application." Mo. Rev. Stat. § 552.040.13.

Title 28 U.S.C. § 2254(b) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has exhausted the remedies available in the courts of the State. "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may

entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). The exhaustion requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief "still open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

Most cases defining the contours of the exhaustion requirement arise from challenges to state custody following criminal conviction. However, the Supreme Court's holding that exhaustion requires a fair presentation that is satisfied "by invoking one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). "To satisfy the exhaustion requirement, [the confined person] must apply for release under section 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals." *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991) (internal citation omitted).[2]

This Court can find no record on Missouri Case.Net that petitioner has applied for conditional or unconditional release or appealed the denial of such an application in any state

---

[2]*Kolocotronis* goes on to hold that "if unsuccessful [in the Missouri Court of Appeals], [the confined person must] apply for transfer to the Missouri Supreme Court." In 2001, after both *Kolocotronis* was decided, the Missouri Supreme Court amended Supreme Court Rule 83.04 to provide that "[t]ransfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." *See Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002). Following this amendment, the Eighth Circuit has held that it is not necessary to apply for transfer to the Missouri Supreme Court to exhaust state remedies for purposes of § 2254. *See Id.*

4

court. As a result, to the extent petitioner is seeking conditional or unconditional release, petitioner's application for writ of habeas corpus appears to be subject to dismissal due to his failure to exhaust his available state remedies.

However, because it is not entirely clear what petitioner's claims are, and because the Court can find no record of petitioner's state case and is therefore unsure of the exact nature thereof, the Court will allow petitioner an opportunity to file an amended petition. If petitioner does have a state court "conviction" to challenge, he must provide the Court with information about that state court conviction, including the charges he was convicted of and the sentence he received, the dates of such conviction and sentence, and a valid Missouri state case number. He must also provide the Court with all information concerning any post-conviction motions or appeals he filed. If, however, petitioner is seeking conditional or unconditional release, he should specifically say so in the amended petition, and should also clearly set forth the manner in which he has satisfied the exhaustion requirement. Petitioner is reminded that he must use the Court-provided form when filing an amended petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a copy of the Court's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus form.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of this Memorandum and Order to file an amended petition in the manner described above.

Petitioner is cautioned that failure to timely comply with this Memorandum and Order will result in the dismissal of the petition.

Dated this 19th day of October, 2016.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE