# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOT STEARNS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1584 JMB |
| | ) | |
| DAVE SCHMIDTT, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of petitioner Elliot Stearns for the appointment of counsel. (Docket No. 6). The motion is premature, and will be denied without prejudice at this time.

On October 6, 2016, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner stated that he was presently confined in the Southeast Missouri Mental Health Center after pleading not guilty by reason of insanity in state court in Phelps County, Missouri. He raised four grounds for relief, most of which related to his entry of a plea of not guilty by reason of insanity.

In an Order dated October 19, 2016, this Court noted that it was unclear whether petitioner had a state court "conviction" that he intended to challenge, or whether he intended to challenge the denial of a request for conditional or unconditional release. The Court explained that petitioner needed to file, within thirty days, an amended petition to clarify what his claims were. The Court's Order clearly set forth what it was petitioner needed to do when filing such amended petition. On October 24, 2016, petitioner filed the instant motion requesting the appointment of counsel.

There is no constitutional or statutory right to counsel in habeas proceedings. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). While this Court has discretion to appoint counsel to represent an indigent prisoner in a § 2254 proceeding if "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), this Court cannot meaningfully exercise such discretion at this time because it is unclear what claims petitioner intends to raise, and whether those claims are both potentially meritorious and so complex as to warrant court-appointed counsel. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (explaining that when exercising its discretion to appoint habeas counsel, a court should consider whether the petitioner's claims are "frivolous or clearly without merit," the legal and factual complexity of the claims, and the petitioner's ability to investigate and present those claims).

The Court recognizes petitioner's status as a civilly-committed person. However, petitioner has demonstrated himself to be able to communicate in writing, and to set forth simple concepts. For example, in the petition, petitioner clearly set forth the name of the court in which he was found not guilty by reason of insanity, the case number, and whether he had filed any appeals. He also clearly and logically set forth that he was alleging ineffective assistance of counsel based upon his entry of a plea of not guilty by reason of insanity. In the instant motion, petitioner acknowledged his receipt of the Court's Order, and logically explained that he was seeking the appointment of counsel. After petitioner complies with this Court's October 19, 2016 Order, he may renew his motion for the appointment of counsel, as appropriate. The Court will, *sua sponte*, grant petitioner an additional fourteen days to file an amended petition in accordance with this Court's October 19, 2016 Order.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Elliot Stearns's motion for the appointment of counsel (Docket No. 6) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner shall have to and including **Friday, December 2, 2016**, to comply with this Court's October 19, 2016 Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a copy of this Court's October 19, 2016 Order, and a second copy of this Court's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus form.

Dated this 26th day of October, 2016.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE