**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELLIOT STEARNS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1584 JMB |
| | ) | |
| DAVE SCHMIDTT, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Petitioner Elliot Stearns, proceeding herein *pro se* and *in forma pauperis*, is presently confined at the Southeast Missouri Mental Health Center. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Stearns filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 6, 2016, raising four grounds for relief. The Court noted that the averments in the petition indicated that Stearns had been found not guilty by reason of insanity in state court in Phelps County, Missouri, and committed to the custody of the state. In the petition, Stearns admitted to having sought no state court remedies of any kind. The Court concluded that the petition appeared to be subject to dismissal due to Stearns's failure to exhaust his available state remedies, and also noted that it was unclear exactly what Stearns's claims were. The Court instructed Stearns to amend his petition to clarify his claims and describe the manner in which he had presented them to the state court, or allege that there were no currently available non-futile state remedies by which he could do so. The Court cautioned that failure to timely comply

1

would result in the dismissal of the petition.  On October 24, 2016, Stearns filed a motion for the appointment of counsel, but did not file an amended petition, clarify his claims, or address the exhaustion issue.  The Court denied the motion without prejudice, and extended the time for the filing of an amended petition to December 2, 2016.  As of the date of this Memorandum and Order, Stearns has filed nothing.

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The court must first examine whether the constitutional dimensions of a petitioner's claims have been fairly presented to the state court.  *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988).  "To satisfy the exhaustion requirement, [Stearns] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue."  *Gentry v. Lansdown*, 175 F .3d 1082, 1083 (8th Cir. 1999).

Stearns has not satisfied this requirement with regard to any of the claims in the instant petition.  Although a federal habeas court may address and deny the merits of unexhausted claims, 28 U.S.C. § 2254(b)(2), unexhausted claims cannot provide the basis upon which a habeas petition may be *granted*.  *See* 28 U.S.C. § 2254(b)(1).  Accordingly, any award of habeas relief is precluded on a petition which contains only unexhausted claims, such as the petition here.  Therefore, because "it plainly appears from the petition ... that [Stearns] is not entitled to relief," the Court will dismiss the petition.  Rule 4 of the Rules Governing § 2254 Cases.


Accordingly,

**IT IS HEREBY ORDERED** that the petition of Elliott Stearns for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice.  A separate judgment shall be filed herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause because Stearns has failed to make a substantial showing that he has been denied a constitutional right.

Dated this 12th day of December, 2016.


/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE